# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br><br>Court Address: 1777 6th Street<br>Boulder, CO 80302 | DATE FILED: December 23, 2019 2:47 PM<br>FILING ID: 3B295CE18B28C<br>CASE NUMBER: 2019CV31237 |
| Plaintiff: Carissa Hill<br><br>v.<br><br>Papa John's International, Inc.,<br>NoCo Pizza, Inc.,<br>Booker Enterprises, LLP,<br>John Doe (a person or business entity to be named) | COURT USE ONLY |
| Raj Chohan #42845<br>The Max Law Firm, LLC<br>8181 Arista Place<br>Broomfield, CO 80021<br>Phone: (720) 699-8268<br>Fax: (720) 699-8269<br>Email: raj@maxinjurylaw.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

Plaintiff Carissa Hill, through her attorney, Raj Chohan of The Max Law Firm, LLC, for her Complaint against the Defendant, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Lawrence, Kansas.

2. Defendant, Papa John's International, Inc. is a foreign corporation, with its headquarters in Louisville, Kentucky and doing business in the State of Colorado. At all times pertinent the Defendant owned and operated, in whole or in part, a Papa John's pizza restaurant located at 3054 28th Street in the City and County of Boulder, Colorado. The Defendant is subject to the jurisdiction of this court pursuant to the Colorado Long-Arm Statute, C.R.S. § 13-1-124, because the Defendant transacted business and committed the tort that is the subject matter of this lawsuit within this State.

3. Defendant NoCo Pizza, Inc. is a Colorado corporation, with its Principal office address in Loveland, Colorado. At all times pertinent, based upon information and belief, the Defendant owned and operated, in whole or in part, a Papa John's pizza restaurant located at 3054 28th Street in the City and County of Boulder, Colorado. The Defendant is subject to the jurisdiction of this court because it is a Colorado business entity that transacts business within this State and committed the tort that is the subject matter of this lawsuit within this State.

4. Defendant, Booker Enterprises, LLP is a Colorado Limited Liability Partnership, with its Principal office in Brighton, Colorado. At all times pertinent, based upon information and belief, the Defendant owned and operated, in whole or in part, a Papa John's pizza restaurant located at 3054 28th Street in the City and County of Boulder, Colorado. The Defendant is subject to the jurisdiction of this court because it is a Colorado business entity that transacts business within this State and committed the tort that is the subject matter of this lawsuit within this State.

5. Defendant John Doe is a person or business entity to be named, currently unknown to Plaintiff. At all times pertinent, based upon information and belief, the Defendant operated, in whole or in part, a Papa John's pizza restaurant located at 3054 28th Street in the City and County of Boulder, Colorado. The Defendant is subject to the jurisdiction of this court because it is either a Colorado business entity that transacts business within this State and committed the tort that is the subject matter of this lawsuit within Colorado; or, alternatively, it is a foreign corporation or business entity subject to the jurisdiction of this court pursuant to the Colorado Long-Arm Statute, C.R.S. § 13-1-124, because the Defendant transacted business and committed the tort that is the subject matter of this lawsuit within this State.

6. The tortious acts which form the basis of this complaint occurred in the City and County of Boulder, Colorado.

7. This court has jurisdiction over the subject matter at issue because this is a civil action for damages. Colo. Const. Art. VI, § 9(1).

8. Venue is proper in Boulder County pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

9. On or about January 14, 2018, Plaintiff was working as a food service delivery person.

10. Plaintiff had been contracted to pick up a food order for delivery from the Papa John's restaurant located at 3054 28th Street in the City of Boulder, Colorado.

11. Based upon information and belief, at all relevant times, Papa John's International, Inc. owned, operated, possessed or controlled, in whole or in part, the Papa John's restaurant

at 3054 28th Street, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

12. Based upon information and belief, at all relevant times, NoCo Pizza, Inc. owned, operated, possessed or controlled the Papa John's restaurant, in whole or in part, at 3054 28th Street, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

13. Based upon information and belief, at all relevant times, Booker Enterprises, LLP, owned, operated, possessed or controlled, in whole or in part, the Papa John's restaurant at 3054 28th Street, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

14. Based upon information and belief, at all relevant times, John Doe, a person or business entity to be named, owned, operated, possessed or controlled, in whole or in part, the Papa John's restaurant at 3054 28th Street, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

15. On January 14, 2018, during normal business hours, Plaintiff entered the Papa John's restaurant, at 3054 28th Street, through the front door which was open to the public.

16. Plaintiff informed Papa John's employees that she was there to pick-up a food order for a delivery customer.

17. Plaintiff was told by a Papa John's employee that the order included a bottle of carbonated beverage which was located in the cooler in an area of the restaurant that was open to the public.

18. Unbeknownst to Plaintiff, there was a slippery, oily substance on the floor near the cooler.

19. When Plaintiff walked to the cooler she slipped on the oily substance, causing her body to twist suddenly in a violent and awkward manner. She adjusted her feet and hips to regain her balance.

20. The sudden, violent and unexpected movement of Plaintiff's body from her loss of balance on the slippery floor caused a massive tear to the cartilage in Plaintiff's right hip. In addition, she sustained injuries to her lower back as well as other injuries. The injuries resulted in severe and disabling pain, loss of previous range of mobility, and a loss of function in her daily life, among other injuries, damages and losses.

21. Plaintiff was told by an employee or assistant manager at the restaurant that an overnight crew member spilled oil near the cooler and failed to clean it up. This account was later confirmed to Plaintiff by a manager at the same restaurant.

22. As a direct, proximate and foreseeable result of the conduct of Defendant, Plaintiff has incurred economic losses including extensive medical evaluation and treatment, physical therapy, massage therapy, chiropractic treatment, prescription medications, lost income and lost earning capacity.

23. As a direct, proximate and foreseeable result of the conduct of Defendant, Plaintiff will suffer future economic losses because she will likely need one or more hip replacement surgeries and additional physical therapy, chiropractic treatment and other medical treatment before the end of her life.

24. As a direct, proximate and foreseeable result of the conduct of Defendant, Plaintiff will suffer future disfigurement from surgical interventions to repair her injuries.

25. As a direct, proximate and foreseeable result of the conduct of Defendant, Plaintiff has been permanently impaired in her ability to resume her previous level of physical activity, including substantial limitations to her ability to sit comfortably, exercise, recreate, participate in physical activities with family and friends, engage in intimate relations, and earn income.

26. As a direct, proximate and foreseeable result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer physical pain and suffering, inconvenience, and loss of enjoyment of life.

## FIRST CLAIM FOR RELIEF
### (Premises Liability of Defendant Papa John's International, Inc.)

27. Plaintiff incorporates all foregoing allegations.

28. At all relevant times, Plaintiff was an invitee of the Papa John's Pizza restaurant at 3054 28th Street in the City and County of Boulder, Colorado.

29. Based upon information and belief, at all relevant times, Papa John's International, Inc. owned, operated, possessed or controlled, in whole or in part, the Papa John's restaurant at 3054 28th Street, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

30. Defendant, Papa John's International, Inc., through its agents or employees, actually knew about the dangerous condition of the oily, slippery floor on or about January 14, 2018, or, as a statutory landowner using reasonable care, should have known about it.

31. Defendant, Papa John's International, Inc., through its agents or employees, failed to use reasonable care to protect its visitors against the dangerous condition on the property.

32. As a result of the failures of Defendant, Papa John's International, Inc., its agents or employees, to protect its visitors against the dangerous condition on the property, Plaintiff suffered injuries, damages and losses, as described above, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Premises Liability of Defendant NoCo Pizza, Inc.)

33. Plaintiff incorporates all foregoing allegations.

34. At all relevant times, Plaintiff was an invitee of the Papa John's Pizza restaurant at 3054 28th Street in the City and County of Boulder, Colorado.

35. Based upon information and belief, at all relevant times, NoCo Pizza, Inc. owned, operated, possessed or controlled, in whole or in part, the Papa John's restaurant at 3054 28th Street, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

36. Defendant, NoCo Pizza, Inc., through its agents or employees, actually knew about the dangerous condition of the oily, slippery floor on or about January 14, 2018, or, as a statutory landowner using reasonable care, should have known about it.

37. Defendant, NoCo Pizza, Inc., through its agents or employees, failed to use reasonable care to protect its visitors against the dangerous condition on the property.

38. As a result of the failures of Defendant, NoCo Pizza, Inc., its agents or employees, to protect its visitors against the dangerous condition on the property, Plaintiff suffered injuries, damages and losses, as described above, in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Premises Liability of Defendant Booker Enterprises, LLP)

1. Plaintiff incorporates all foregoing allegations.

2. At all relevant times, Plaintiff was an invitee of the Papa John's Pizza restaurant at 3054 28th Street in the City and County of Boulder, Colorado.

3. Based upon information and belief, at all relevant times, Booker Enterprises, LLP owned, operated, possessed or controlled, in whole or in part, the Papa John's restaurant at 3054 28th Street, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

4. Defendant, Booker Enterprises, LLP, through its agents or employees, actually knew about the dangerous condition of the oily, slippery floor on or about January 14, 2018, or, as a statutory landowner using reasonable care, should have known about it.

5. Defendant, Booker Enterprises, LLP, through its agents or employees, failed to use reasonable care to protect its visitors against the dangerous condition on the property.

6. As a result of the failures of Defendant, Booker Enterprises, LLP, its agents or employees, to protect its visitors against the dangerous condition on the property, Plaintiff suffered injuries, damages and losses, as described above, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Premises Liability of John Doe)

1. Plaintiff incorporates all foregoing allegations.

2. At all relevant times, Plaintiff was an invitee of the Papa John's Pizza restaurant at 3054 28th Street in the City and County of Boulder, Colorado.

3. Based upon information and belief, at all relevant times, John Doe, a person or business entity to be named, owned, operated, possessed or controlled, in whole or in part, the Papa John's restaurant at 3054 28th Street, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

4. Defendant, John Doe, a person or business entity to be named, through its agents or employees, actually knew about the dangerous condition of the oily, slippery floor on or about January 14, 2018, or, as a statutory landowner using reasonable care, should have known about it.

5. Defendant, John Doe, a person or business entity to be named, through its agents or employees, failed to use reasonable care to protect its visitors against the dangerous condition on the property.

6. As a result of the failures of Defendant, John Doe, a person or business entity to be named, its agents or employees, to protect its visitors against the dangerous condition on the property, Plaintiff suffered injuries, damages and losses, as described above, in an amount to be proven at trial.

## JURY DEMAND

Plaintiff demands a jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant(s) and in her favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest, post judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully submitted December 23rd, 2019,

THE MAX LAW FIRM, LLC

By: /s/ *Raj Chohan*
Raj Chohan, #42845
Attorney for Plaintiff

Plaintiff's Address:
945 Tennessee St.
Lawrence, KS 66044